CASS FARM CO. *v.* CITY OF DETROIT.

1. ADVERSE POSSESSION—TAX TITLE—CLAIM OF MUNICIPALITY.
   Adverse possession may be invoked to cut off a tax title held by a city.

2. SAME—KNOWLEDGE OF OUTSTANDING TITLE.
   A subsequent purchaser may invoke title by possession adverse to an outstanding tax title without alleging knowledge, or want of knowledge, of such title at the time of purchase.

Appeal from Wayne; Hosmer, J. Submitted February 8, 1905. (Docket No. 103.) Decided March 14, 1905.

Bill by the Cass Farm Company, Limited, against the city of Detroit and another to quiet title. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*Russel & Campbell,* for complainant.

*Timothy E. Tarsney* and *John W. McGrath,* for defendants.

McALVAY, J. Complainant, a partnership association of Detroit, and owner in fee of certain real estate in said city, filed its bill of complaint against defendants to quiet title to said premises, alleging that it acquired title by warranty deed March 22, 1893, and that for more than 15 years prior to the filing of the bill of complaint, complainant and its grantor have been in open, notorious, adverse, and exclusive possession of said premises, and claimed title in fee simple to the same; that during all that time the city regularly levied its taxes and assessments upon said premises, which were paid; that on August 2, 1869, said premises, being lot 11 of block 65 of the subdivision of the Woodbridge farm, were sold to the city of Detroit for alleged default in payment of a special assessment for

paving for the year 1868, and that defendant city treasurer has threatened to issue a tax title on the said property to some person to complainant unknown.   The prayer of the bill is that complainant's title be quieted, and the defendant city treasurer be restrained from issuing the tax title, as threatened.

To this bill defendants demurred upon the grounds:

1. That the assessment made and referred to in the bill was made for an improvement of the property, and that the sale of the property was because of the failure of the owner to pay the assessment, as was his duty; that the said assessment was a continuing lien upon said property, and complainant purchased the same subject to such lien and subject to the sale thereof for the nonpayment of the said assessment, and it became and was the duty of the successive owners of the said property to pay and discharge such lien.

2. That the bill of complaint contained no allegation that the fact of the nonpayment of the assessment and the sale of the land by reason thereof was not actually known to the complainant at the time of its purchase of said property.

From an order overruling the demurrer, defendants have appealed.

It is claimed that this case is distinguished from *Schneider* v. *City of Detroit,* 135 Mich. 570, for the reason that it appeared in that case that complainant had no knowledge of defendant's lien or title, and in the present case the bill of complaint contains no averment that such was the fact.   Whether the claim of defendant was known to complainant or not can make no difference. Adverse possession, in order to be invoked as a basis of title, must necessarily be exclusive, and hostile as to all claimants, whether known or unknown.   The cases are not distinguishable.

The order overruling the demurrer is affirmed, with costs.

MOORE, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.