KLATT *v.* CITY OF DETROIT.

1. CONSTITUTIONAL LAW—STATUTES OF LIMITATION.
    The legislature may extend or repeal a statute of limitations or abolish the rule of adverse possession so as to affect cases where the period has not already run, or title been previously acquired.

2. LIMITATION OF ACTIONS—STATUTES—DETROIT CHARTER.
    The provisions of Act No. 383, Local Acts 1899, suspending the effect of statutes of limitations upon debts for taxes assessed in the city of Detroit, does not stop the running of the statute as to the lien upon land occupied adversely as against the city which purchased the same at the tax sale.

3. TAXATION—STATUTES OF LIMITATION.
    The liability and lien for the tax assessments fixed by the statutes in force at the time of assessment govern, and are not affected, in the absence of express provision, by subsequent acts abolishing or changing the rule of limitations.

4. SAME—PURCHASE OF TAX LIEN—EXTINGUISHMENT OF OBLIGA-
TION.
Since the payment of a tax extinguishes both lien and liability,
a purchase of the land at the tax sale by the city extin-
guished the lien and the obligation to pay the tax.

5. SAME—MUNICIPAL CORPORATIONS—PURCHASE.
An equitable title vests in the city which purchases land at a
tax sale for special assessments, under the charter of the city
of Detroit, without the issuance of a tax deed or of a cer-
tificate of sale.

6. ADVERSE POSSESSION—LIMITATIONS—TAX TITLES.
Adverse possession may devest an equitable title unsupported
by a tax deed or certificate of sale issued, where the city of
Detroit purchases property for unpaid taxes under its
charter.

7. SAME—COLOR OF TITLE.
Color of title is not necessary in the claimant of land whose
property is held adversely, in order to support the adverse
possession.

8. TAXATION—PUBLIC OFFICER AS PARTY.
The Detroit city treasurer is properly made a party to a suit to
quiet title against a tax title held by the city, because of
which he refused to furnish a certificate of payment of taxes
required to entitle a deed to registration.

9. SAME—DETROIT CHARTER.
He could not be required to determine the validity of a claim
by adverse possession.

Appeal from Wayne; Murfin, J. Submitted April 18,
1910. (Docket No. 103.) Decided July 14, 1910.

Bill by William F. Klatt against the city of Detroit and
Max C. Koch, city treasurer, to quiet title to certain land.
From an order overruling a demurrer, defendants appeal.
Modified and affirmed.

*Jasper C. Gates*, for complainant.

*Walter Barlow* (*P. J. M. Hally*, of counsel), for de-
fendants.

HOOKER, J. Joseph F. Weber being the owner, the

premises described in the bill in this cause were subjected to a special assessment of $100, for the opening of a street in the city of Detroit. The special assessment roll was confirmed by the council of the city, on April 3, 1884, and on December 22, 1884, the city treasurer sold the property for the nonpayment of the same, amounting to $104.40. The land was sold to the city for the period of 99 years, and has never been redeemed. On November 23, 1909, the complainant purchased the premises from Weber, taking a deed made by Weber and his wife.

On November 23, 1909, complainant presented his deed to the city treasurer and requested him to indorse thereon his certificate that all city taxes and special assessments upon the premises described in said deed had been paid, as required by section 221 of the city charter, which provides that:

"No mortgage or conveyance of real estate, or contract for the sale of any real estate, shall be received or recorded by the register of deeds of the county of Wayne, unless all city taxes or special assessments on the property described in such mortgage, contract, or conveyance shall have been paid; and it shall be the duty of the city treasurer, upon request, to furnish a certificate that such taxes or assessments have been paid, which certificate shall be filed with said register at the time of the delivery to him of such conveyance, mortgage, or contract for record." Charter of Detroit (1904), § 221 (Act No. 383, Local Acts 1899).

The treasurer refused to do so for the reason that this assessment had not been paid. Thereupon complainant filed this bill, alleging the foregoing facts, and further, that from December 22, 1884, the possession of Weber and himself had been actual, continuous, notorious, distinct, exclusive, and hostile, to the time of filing his bill. The bill prayed that the title be quieted, and that the treasurer be required to certify upon the complainant's deed that said assessment and all other taxes and assessments had been paid, so that he might have his deeds recorded.

The defendants united in a demurrer to the bill, upon the grounds:

1. That under the allegations of the bill there is a valid lien upon the premises for the amount now due and unpaid to the city on said tax sale, and that the same is a lawful and valid debt, still remaining due to the city from complainant's grantor, under the provision of section 10 of chapter 10, of the charter, Act No. 383, Local Acts 1899, passed May 2, 1899.

2. Because the period of 15 years from the date of said sale did not elapse until after December 22, 1899, and said Act No. 383 provided that, "all city taxes upon personal property and real estate and special assessments thereon, in addition to being a lien upon the property assessed, shall be and remain a debt against the owner of the property or his estate after his death, until the same are paid, and such debt shall be unaffected by any statute of limitations," which said act of the legislature went into effect on September 22, 1899, the period of three full months before the expiration of said 15 years from the date of said tax sale, and which said act of the legislature had the effect of stopping the further running of the statute of limitations against said sale of said premises for said special assessment thereon.

3. Because said section 10 requires said treasurer to withhold his certificate until said tax shall have been paid.

4. Because said complainant has not, nor has his grantor, acquired a title to said premises by adverse possession against the title of said city.

This demurrer was overruled by the learned circuit judge and defendants have appealed.

We held in the case of *Gray* v. *City of Detroit*, 113 Mich. 659 (71 N. W. 1107), that after purchase by the city of land sold for nonpayment of an assessment, and the expiration of the one year allowed by the ordinance for redemption, the treasurer was not bound to accept a tender of the tax, etc., as no such duty was imposed, distinguishing the case from *Hand* v. *Auditor General*, 112 Mich. 597 (71 N. W. 160). The bill filed prayed a cancellation of the sale. In *Schneider* v. *City of Detroit*, 135 Mich. 570 (98 N. W. 258), we held that such a sale and purchase by the city vested the title to the

premises in the city, and that whatever lien then existed was merged in the title acquired by the purchase. We also held that adverse possession might devest the title thus acquired. This case was followed in *Cass Farm Co.* v. *City of Detroit*, 139 Mich. 318 ( 102 N. W. 848 ).

We are unable to distinguish the facts in those cases from those in the present case. Counsel for the city contend that the assessment has not been paid and that the charter as amended by section 10, Act No. 383, Local Acts 1899, provides that all special assessments upon real estate, in addition to being a lien upon the property assessed, shall be and remain a debt against the owner of the property, until paid. It appears to be conceded that the act of 1899 is relied upon to establish:

( *a* ) A lien upon the land for unpaid assessment.

( *b* ) Personal liability of the owner.

( *c* ) A suspension of the running of the statute of limitations and adverse possession.

Of these we will say in inverse order:

( *c* ) We have no doubt that the legislature has power to extend or repeal a statute of limitation, or abolish the rule of adverse possession, and that such law will apply to cases where the period has not already run, or title been previously acquired, but we also think that the provision as to the statute of limitations applies only to "the debt against the owner," etc., therein provided for, according to the words of the statute.

( *b* ) We hesitate to so construe a statute as to permit it to impose a liability upon a person, or a lien upon land, *ex post facto*, aside from any question of constitutionality. The liability and lien fixed by the statutes in force when the assessment was made and land sold must be the limit.

( *a* ) Payment extinguishes both lien and liability, and as the city purchased the land, it was an extinguishment of the lien and obligation, as we have already held twice.

Counsel for the appellant say that as no deed was issued to the city, it acquired no title, for the reason that the sale

was not completed until the tax deed was executed, and therefore the lien continued, and that a certificate of sale will not suffice to start the statute running, as it does not constitute title or even color of title and no right of action accrued to the city. We have held in the cases cited that the purchase by the city gave it a title in which the lien merged, although no deed and possibly no certificate of sale was issued. Color of title is, in some States and some instances, essential to be shown by one who asserts adverse possession; but we do not know of any case holding that color of title in the contestant of the adverse claim is essential to the maintenance of the adverse claim. Indeed, we suppose that counsel do not so contend, and that the point is made as an argument against the extinction of the lien. Under the cases cited, we must hold that the city had an equitable title at least, and that adverse possession may devest such, as well as a legal title.

The Treasurer a Party. Manifestly the treasurer, acting under section 10, chapter 10, of the charter, *supra*, could not lawfully make the certificate demanded, unless his records showed, or should have shown, an absence of unpaid taxes, and he could not be expected to determine rights of adverse possession. If, however, his records showed this sale to the city, and an omission to redeem, it may have been sufficient to justify the making of the certificate. It is unnecessary to decide that. He was properly made a party, and will be protected by a final decree, and, should one be made in complainant's favor, he should, upon presentation and demand, comply with its terms as to entry of payment and issue of certificate.

The decree is affirmed, with the slight modification regarding the treasurer, with costs, and the cause is remanded for further proceedings.

OSTRANDER, MOORE, and STONE, JJ., concurred. BLAIR, J., concurred in the result.