GALINSKI v. CITY OF DETROIT.

1. ADVERSE POSSESSION—PRIVATE WAY—HIGHWAYS AND STREETS.
   It is the general rule that use by permission of a private way cannot convert it into a public way.

2. SAME—TAXATION.
   Where a city lot has not been occupied by any one, and has been used by adjoining owners as a court, and improved as such, with the apparent acquiescence of the original owners, there has been no such actual possession by the original owners or their grantees as to establish title by adverse possession as against a city claiming under a sale for city taxes.

Appeal from Wayne; Hosmer, J. Submitted June 14, 1916. (Docket No. 122.) Decided September 26, 1916.

Bill by Frank Galinski and others against the city of Detroit and Max Koch, city treasurer, to quiet title to certain land. From a decree dismissing the bill, complainants appeal. Affirmed.

*William C. Gottman,* for complainants.

*Walter Barlow* (*Harry J. Dingeman,* of counsel), for defendants.

OSTRANDER, J.   Complainants, whose bill was filed in December, 1913, charge that they are owners of a parcel of land, which is·described, and have been such owners "for days now last past," and that the land is worth $1,000 and more.  The evidence of their title is a quitclaim deed which, desiring to have recorded, they presented to the city treasurer of Detroit in accordance with Act No. 472, Local Acts of 1901, chap. 10, § 10, with a request that he certify thereon that all city taxes and special assessments on said premises had been paid.  This the said treasurer refused to do, exhibiting a book of "Land Sold for Taxes," in which it appeared that the premises had been sold by successive city treasurers, beginning with the year 1886, and each year thereafter, to and including the year 1912, to the city of Detroit for city taxes and for certain special assessments, for the terms of 99 years.  They charge, further, that they are in actual possession of the premises, and that from May 25, 1885, to the time of filing the bill of complaint they or their grantors have at all times been in the actual, continuous, notorious, distinct, hostile, and exclusive possession of the premises; that therefore all right, title, and interest in said city of Detroit through such sales are barred, avoided, and made of no effect.  It is charged, further, that, excepting three described special assessments, there are no other unpaid assessments, and no city taxes on or against the premises; that the city proposes to issue a tax lease or leases for a period of 99 years to some person or persons unknown; and that the city of Detroit sets up title to the premises based upon tax sales.  The relief prayed

for is that the city of Detroit and its treasurer answer the bill; that the said several special assessment rolls and sales by city treasurers be decreed to be barred, avoided, and of no effect, and the premises be discharged from the apparent cloud upon the title; that the city of Detroit be decreed to release to complainants all of its apparent right and interest and the city treasurers be ordered to certify, as requested, that there are no outstanding taxes or assessments. The city and its treasurer joined in an answer, there was a replication, hearing, and a decree dismissing the bill.

In the answer it is asserted that the premises in question belong to the city by virtue of the said several tax sales, the total of taxes and special assessments laid and unpaid amounting to $972.22, the land having never been redeemed from such sale, nor the taxes and assessments paid. It is alleged, also, that in platting the original premises, of which lot 19 in question here was a part, and as said platted premises were afterwards sold by the owner and built upon and used by various purchasers of parts thereof, lot 19 became in fact a private way, a roadway, improved and used as such, called and known as "Davis Place." They allege that neither complainants nor their grantors have had adverse, or any actual, possession of the premises, and that the land has never been occupied since the year 1885 except as a private court for the purposes of adjacent owners and by public improvements made upon the premises to permit owners of dwellings fronting on said court to use the same, and that the original owners, complainants' grantors, abandoned the premises to be used as a private court.

Complainants' theory appears to be that after a sale of land to the city for taxes and the expiration of the redemption period, the title vests in the city, the lien for taxes being merged in the title; that the title thus

acquired may be lost by adverse possession, and that the city has, therefore, no lien for unpaid taxes against this property and the treasurer should have so certified; that in this case the certificate should be given and the title should also be quieted. See *Gray* v. *City of Detroit*, 113 Mich. 657 (71 N. W. 1107); *Schneider* v. *City of Detroit*, 135 Mich. 570 (98 N. W. 258); *Cass Farm Co.* v. *City of Detroit*, 139 Mich. 318 (102 N. W. 848); *Klatt* v. *City of Detroit*, 162 Mich. 186 (127 N. W. 409).

The bill and proofs show certain assessments for which the land has not been sold; and, unless it is held that the land was not liable to the assessments, this alone affords reason for refusing the treasurer's certificate. And unless it is held that after the first sale and failure to redeem and, in consequence thereof, the premises were no longer liable to be taxed because they were city property, it is not perceived how the possession of complainants, assuming that it has been adverse to the city, has continued for a period long enough to toll the statute of limitations relied upon. But there is a serious objection, going to all of the relief claimed by complainants. While it appears that the complainants have acquired a quitclaim deed to the premises from the original owners, who platted the land and adjoining land, it also appears that the particular lot has not been occupied by any one, and has been used by adjoining owners and fitted for such use by improvement as a way or place, fronting which residences were erected, a use apparently acquiesced in by the owners of the original title. It is the general rule that use by permission of a private way cannot convert it into a public way, and there is no evidence that the owner of this land ever dedicated the land to the public. The evidence is, however, that the city has, to some extent, recognized the land as a way, or

place, and, it being unoccupied, had no occasion to begin proceedings to eject or oust any private owner, none such appearing to have asserted a right to occupy. There has been no occupancy by one claiming the right, and no possession except such theoretical possession as runs with the title. Such a theoretical possession of the land may be as well claimed by the city as by complainants and their grantors. It will be assumed that when complainants, or some one else claiming the right to do so, actually occupies the premises, the city will begin proper legal proceedings to try title, or adjoining owners, who by the testimony appear to be interested, will take proceedings to establish such rights as they assert.

The complainants' claim of a title by possession adverse to the title of the city is not sustained, and for this reason the decree dismissing the bill was right, and is affirmed with costs to appellees. Dismissal of the bill, however, is without prejudice to the right to institute such proceedings at law as may be advised.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.