VILLAGE OF GROSSE POINTE SHORES *v.* HOLMES.

HIGHWAYS AND STREETS—ACQUISITION BY USER—PRESUMPTION—EVIDENCE—SUFFICIENCY.

Evidence *held,* insufficient to show the establishment of a highway by user as a continuation to a lake of an existing highway running to the side nearer the lake of another highway running parallel to and near the lake.[1]

Appeal from Wayne; Hosmer, J. Submitted January 23, 1917. (Docket No. 138.) Decided May 31, 1917.

[1]For authorities discussing the question of public user as acceptance of dedicated highway, see note in 59 L. R. A. 31.

Bill by the village of Grosse Pointe Shores and the township of Grosse Pointe against Clara Holmes and Clara Walter to have a certain road decreed to be a public highway. Upon the death of defendant Walter, before the trial, William Walter and others, heirs of said deceased, were substituted as parties defendant. From a decree for defendants, plaintiffs appeal. Affirmed.

*William M. Mertz* and *Frank N. Renaud,* for plaintiffs.

*Stevenson, Carpenter, Butzel & Backus* (*Thos. G. Long,* of counsel, for defendant Holmes.

*Ward Choate* and *W. W. Chapin* (*Thos. G. Long,* of counsel), for the other defendants.

STONE, J. It is the claim of plaintiffs that the gist of this suit is to have the Vernier road approach into Lake St. Clair, east of the Lake Shore road, or Jefferson avenue, decreed to be a public highway, with full riparian rights to the public. By their amended bill of complaint plaintiffs state that the said Vernier road (so called) within the limits of the village of Grosse Pointe Shores, and for a considerable distance westerly thereof in the township of Grosse Pointe, consists of a strip of land 66 feet in width, taken from the northerly (sometimes called easterly) side of private claim 156, and is a highway passing through said village near the middle thereof, in an easterly and westerly direction, and connects with other highways of Grosse Pointe township, westerly of said village, and extends into Lake St. Clair on the east, crossing the Lake Shore road, known as Jefferson avenue, near the border of the lake; that they are not definitely informed, but beg leave to discover by what method said Vernier road became a highway, but show that

the same has been a public road, and has been fully dedicated to highway purposes for more than half a century, and that plaintiffs, and their inhabitants, and the inhabitants of adjacent territory, and all persons having occasion to pass over it, have fixed and lawful rights to use said road as a highway; that the said highway has been used as an approach into Lake St. Clair by the public traveling thereon ever since the opening and use of said road for highway purposes, except as the same is now being unlawfully obstructed by the defendants.

By her answer the only adult defendant admits the said allegations of the bill, except that she denies that plaintiffs are exercising, or ever did exercise, any authority, supervision, or jurisdiction over that part of said Vernier road, so called, east of the east line of Jefferson avenue, and denies that said Vernier road extends, or ever did extend, east of the east line of Jefferson avenue. She further admits the alleged location and connections of said Vernier road, except that she denies that the same extends into Lake St. Clair on the east, crossing the Lake Shore road, known as Jefferson avenue, near the border of said lake; but, on the contrary, alleges that Vernier road does not extend, and never did extend, east of the east line of said Jefferson avenue. She then states the source of defendants' title to said parcel of land.

It is conceded in the case that the only premises in dispute is the short stretch of land east of the east line of Jefferson avenue and extending to the lake; and it may be said that the primary object of this suit is to establish the extension of Vernier road from the east line of Jefferson avenue to the lake. The case was heard upon the pleadings and the proofs taken in open court, and after argument a final decree was entered, dismissing the plaintiffs' bill of complaint. The plaintiffs have appealed.

It appears from the record that Jefferson avenue runs easterly from the city of Detroit, following more or less closely the shore line of the Detroit river and Lake St. Clair. It was formerly called the Lake Shore road. At some points it is at the edge of the shore bank, leaving no dry land between the road and the water, other than the slope of the bank; at other points there are large building lots between the road and lake. At different points in the northerly or easterly part of the township of Grosse Pointe old established public roads come into Jefferson avenue from the west. (The latter street or road here runs in a northerly and southerly direction.) At the point in controversy, where the Vernier road comes from the west out onto Jefferson avenue, there always has been some dry land between the said avenue and the water, varying in width from practically none at the upper or northerly line of Vernier road extended to 40 or 50 feet in width at the southerly line of Vernier road extended. For many years no use was attempted to be made by any of the riparian owners of the land between the Lake Shore road and the lake. This was true, not only of the land in question, but of other lands in the vicinity. There were no fences between Jefferson avenue and the lake—all was left open. Vernier road was opened, laid out, and given to the public many years ago by Lawrence Vernier, the then owner of the land. Fences were built along each side from Jefferson avenue west. Nothing whatever was done between Jefferson avenue and the lake.

The private claim, on which Vernier road was thus opened, or at least that portion of it here in controversy, remained in the Vernier family until 1906, passing from father to son, and then to the grandson, John Vernier, from whom said defendants' father purchased. With no beneficial use being made of the land between Jefferson avenue and the lake, and Vernier

road being opened from the west out onto Jefferson avenue, the people living in the vicinity, and back from the lake, would come down Vernier road from the west, cross Jefferson avenue, and go into the lake to get water and ice, to water cattle and other farm stock, to unload logs for rafting, and for pleasure driving and horse racing on the ice in the winter. As said by one of complainants' witnesses: "Wherever there was an open place, they would go down." It appears that, before any beneficial use was made by the Verniers of this land between Jefferson avenue and the lake, they did such work as was required from time to time to protect the shore banks from the action of the waves. A log crib was maintained. A large quantity of brush was put in at one time; also some trees were put and remained there. The path-masters, on two or three occasions during the time covered by the testimony, did some work which fulfilled two purposes—primarily it repaired and protected the bank of the roadway on Jefferson avenue; and, *secondly*, it made it possible to get into the lake and haul out loads of water. It is claimed this was done without the knowledge of defendants' predecessors in title—then the owners of the land in dispute. At one time the waves washed away a portion of the roadway of Jefferson avenue, opposite the northerly side of Vernier road. The township authorities repaired the damage and put in a wooden breakwater. This breakwater was, however, supposed to have been put in on the adjoining private claim, and not on the land in dispute, or on land owned by the Verniers.

A careful perusal and consideration of the record leads us to the conclusion that there has no such user been shown as is required to constitute a highway over the disputed strip of land. The law of the case is well stated in the recent cases of *Stickley* v. *Township of Sodus*, 131 Mich. 510, 517 (91 N. W. 745, 59

L. R. A. 287), *South Branch Ranch Co.* v. *Emery*, 191 Mich. 188 (157 N. W. 419), and *Galinski* v. *City of Detroit*, 193 Mich. 184 (159 N. W. 371). While the use claimed was being exercised, the question whether the land was a public highway never arose, because for years defendants' predecessors in title made no beneficial use of any of the land lying between Jefferson avenue and the lake. The driving over of cattle, the hauling of water, ice, and logs, in no way came in conflict with any use which defendants' predecessors in title could make of the land. The evidence of the expenditure of public moneys on this territory is of an equivocal and uncertain character, and is as consistent with the protection and care of Jefferson avenue as with the maintenance of a highway over the land in question. We are of the opinion that the plaintiffs have failed to show a public highway over the disputed strip of land. We have examined the documentary and other evidence claimed to show a dedication of the lands in question for a public highway, and are of the opinion that no dedication has been shown.

The decree of the circuit court is therefore affirmed, with costs of both courts to the defendants.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.