### ROSS v. ROSSO.

DEDICATION—HIGHWAYS AND STREETS—DEDICATION BY IMPLICATION ESTABLISHED.

> In a suit to quiet title to a strip of land, the claim of the township and its officers that said land had been dedicated by implication as a public highway, *held*, established by a clear preponderance of the proof.[1]

[1] Dedication, 18 C. J. § 107.

Appeal from Macomb; Reid (Neil E.), J.    Submitted October 16, 1925.    (Docket No. 92.)    Decided December 22, 1925.

Bill by Russell R. Ross and another against Floyd Rosso, highway commissioner of the township of Harrison, and another to quiet title to land. Defendants filed a cross-bill to have the land decreed a highway.    From a decree for defendants, plaintiffs appeal.    Affirmed.

*Lungerhausen, Weeks & Lungerhausen,* for plaintiffs.

*Warren S. Stone* (*Charles H. Hummrich,* of counsel), for defendants.

FELLOWS, J.    On November 17, 1921, plaintiffs acquired by warranty deed lands in private claim 174 in the township of Harrison, Macomb county, having a frontage on Jefferson avenue (formerly called the Lake Shore road) of 345 feet.    Later by quitclaim deed they claim to have acquired the land in controversy, being a strip 12 feet wide on Jefferson avenue and extending back to Lake St. Clair, about 152 feet. They file this bill to quiet title against the township of Harrison and its highway commissioner who claim the strip is a public highway of the township.    Defendants by way of cross-bill in their answer ask for a decree declaring the strip a highway.    They claim a dedication by implication.    From a decree granting defendants such relief, plaintiffs appeal.

Both counsel have called our attention to numerous cases which we shall not review.    In the recent case of *Smith* v. *State Highway Commissioner,* 227 Mich. 280, we reviewed the authorities at some length, and said:

"The decisions of this court should not lead to any

confusion on the subject if we will keep in mind the necessary elements of a dedication by implication. Dedication contemplates an offer by the individual and acceptance by the public.     If formal, the fact that an offer has been made and has been accepted will be easy of proof.     If by implication, the facts and surrounding circumstances must imply not only an offer but also an acceptance.     So here, there must not only be an offer to dedicate by the owner but there must also be an acceptance by the public, both to be implied from the facts and circumstances surrounding the case."

It should be here noted that all the township records of defendant township were destroyed by fire on March 15, 1894, and defendants here contend that it has established dedication by implication which, as pointed out in the *Smith Case,* may be established by facts and circumstances surrounding the case.

Plaintiffs had not lived in the vicinity of this property before they purchased it.   . In their chain of title, however, appeared a deed executed October 7, 1844, containing this provision:

\* \* \* "always reserving a road twelve feet wide on the said Campau line through said parcel of land." \* \* \*

It is conceded that this strip is on the Campau line.     A notice of homestead selection recorded June 2, 1857, contained the same language.     These two instruments are the only ones of record having reference to this road.     We shall not consider the question mooted by counsel as to whether the language quoted from these instruments should be treated as creating an exception or a reservation, as we deem the language found in these early instruments a part of the circumstances of the case to be considered on the question of dedication and possessing some evidential value on that question.     Plaintiffs produced but two witnesses who had lived in the vicinity for any considerable

time.    Their testimony doubtless sustains plaintiffs'
contention and brings the case within *Village of Grosse
Pointe Shores* v. *Holmes*, 196 Mich. 183, where, pass-
ing on the facts, we found that the existence of a
highway was not established.

But the testimony of these witnesses was met by
defendants by calling twelve witnesses, who, with
two of defendants' officers called for cross-examina-
tion under the statute, were all from the vicinage.
Many of them had lived in the neighborhood their
entire lives.    Some of them were present or former
township officers who testified to the expenditure of
public money in maintaining the strip of land as a
highway; others testified to performing labor on it
and being paid by the township.    There was a ditch
on one side of the strip which was cleared out once
or twice a year, and the ruts in the road were filled
and the township paid the bills.    True they were
for small amounts, but the strip was a small one.
The testimony of defendants' witnesses not only es-
tablished that the township practically every year
spent money in the maintenance of the highway but
also that the strip was used by the public as a high-
way during the memory of these witnesses as occasion
required.    During the winter large quantities of ice
were hauled out over it, and in the summer the public
traveled over it to reach the bathing grounds at the
lake, and on occasions of drouth water was drawn
over it for domestic purposes on the neighboring
farms, and in the earlier days sheep were driven to
the lake over it to be washed.    A careful reading
of this record is convincing that defendants have es-
tablished their claim of a dedication by implication
by a clear preponderance of the proof.

The decree will be affirmed, with costs of this court.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE,
STEERE, and WIEST, JJ., concurred.