Argued September 18; affirmed October 13, 1931

# HUGHEY *v.* CORNELL ET AL.

(3 P. (2d) 781)

*Willametta McElroy,* Deputy City Attorney, of Portland (Frank S. Grant, City Attorney, of Portland, on the brief), for appellant city.

*Estes Snedecor,* of Portland, for appellants Oregon Agency Co. and Linwood B. Cornell.

*E. Earl Feike,* of Portland, for respondent.

BELT, J. This is a suit to quiet title to lots 1, 3, and 5 in block 1, Chelsea, in the city of Portland. Plaintiff purchased these lots in 1929 at public auction by the sheriff of Multnomah county to satisfy delinquent taxes for the year 1924. The deed from the sheriff to the plaintiff contained the statutory clause.: "This deed is subject to any and all unpaid assessment liens levied by any municipal corporation for local improvements."

The defendants assert that, at the time the sale was made to plaintiff, there were certain unpaid assessment liens which had been levied against the lots by the city of Portland on account of local improvements. It appears without contradiction that the city, on June 15, 1925, sold at public sale these lots to satisfy delinquent street assessments. The Oregon Agency Co. purchased lots 1 and 3 by paying to the city the full amount of the special assessments levied against them. Pursuant to the city charter, a certificate of sale was issued to the purchaser wherein it was recited that if the property was not redeemed within three years from date thereof the purchaser would be entitled to a deed upon presentation and surrender of the certificate. The city of Portland purchased lot 3 for the amount of the assessment due thereon and a certificate of sale was issued to it. At the time of the sale by the sheriff to satisfy the delinquent county

taxes, no deed to the lots had been executed by the city, although the time for redemption had expired.

■ The sole question involved is one of law. What was the legal effect of the sale of the lots by the city? Was the assessment lien thereby satisfied and extinguished? Or, are the assessment liens—notwithstanding the sale by the city—still unpaid within the meaning of section 69-812, Oregon Code 1930? The above section of the statute provides:

*"Purchaser takes property subject to municipal liens—County excepted.* Every purchaser of any tract of land, excepting a county, at a tax sale or foreclosure of any certificate of tax delinquency shall acquire the property so purchased, subject to all unpaid assessment liens levied against the same or any part thereof by any municipal corporation in the state of Oregon for local improvements. Before issuing a deed or deeds for any such tract of land the sheriff shall require a certificate that all such assessment liens have been paid in full, or he shall insert in such deed the following clause, 'this deed is subject to any and all unpaid assessment liens levied by any municipal corporation for local improvements.' "

In the absence of such a statutory provision, it is clear that the purchaser at the tax sale would take the property free and clear of any outstanding liens of a municipality. It is only by virtue of the statute that the defendants have reason, if any exists, to assert a lien against the property acquired by plaintiff at the tax sale.

■ The amount of the assessment liens was unquestionably paid by the defendants, as is evidenced by the certificates of sale. The liens thereby became extinguished and merged into the liens acquired by the purchasers to secure payment of the money paid to the city for the lots. In other words, the assessment

lien became merged in the equitable title of the defendant purchasers. This title would become absolute and indefeasible upon the expiration of the time for redemption, as the owner would then be divested of his legal title: Black on Tax Titles (2d Ed.) § 322. During the interim between the issuance of the certificate of sale and the execution of the deed, the land would be impressed with an equitable lien to secure the money paid in satisfaction of the assessment liens. It is to be borne in mind that the statute refers exclusively to unpaid assessment liens. The fact that defendants may have liens to secure the payment of money given in satisfaction of the assessment liens is beside the question. The bald fact remains that the assessment liens have been paid. The very object of a sale is to extinguish the specific lien upon the property by appropriating it, or so much thereof, as is necessary to the payment of the debt.

The sale to the city is analogous to one upon execution. This court, in *Abraham v. Chenoweth*, 9 Or. 348, speaking of the title of the purchaser, quoted with approval Mr. Justice Sawyer in *Page v. Rogers*, 31 Cal. 310, who said:

"To call the interest of the purchaser at a sale on execution, before the making of a sheriff's deed, a lien merely, is not very exact. In a general sense it may be a lien, but it is more. The purchaser obtains an inchoate right, which may be perfected into a perfect title, without any further act than the execution of a deed in pursuance of a sale already made. It is not a mere right to have a certain sum, charged upon the property, satisfied out of it. The sum before charged upon the land has already been satisfied by the sale, to the amount of the sum bid and paid by the purchaser. The purchaser has already bought the land and paid for it. The sale is simply a conditional one, which may be defeated by the payment of a certain sum

within a certain limited time. If not paid within that time, the right to a conveyance becomes absolute, without any further sale or other act, to be performed by anybody. The purchaser acquired an equitable estate in the lands, conditional, it is true, but which may become absolute by simple lapse of time, without the performance of the only condition which can defeat the purchase. The legal title remains in the judgment debtor, with the further right in him, and his creditors having subsequent liens, to defeat the operation of a sale already made, during a period of six months, after which the equitable estate acquired by the purchaser becomes absolute and indefeasible, and the mere dry, naked legal title remains in the judgment debtor, with the authority in the sheriff to divest it by executing a deed to the purchaser.'' Also see 41 C. J. 997; Black on Tax Titles (2d Ed.) 388.

■■ It is well settled that when a city sells property to satisfy special assessments levied against it the lien is extinguished and becomes merged in the certificate of sale: *Klatt v. Detroit,* 162 Mich. 186 (127 N. W. 409); *Gould v. St. Paul,* 120 Minn. 172 (139 N. W. 293); *Smith v. Ludington,* 17 Wis. 344; 44 C. J. 805; *O'Connell v. Sanford,* 256 Ill. 62 (99 N. E. 885). As stated in *Klatt v. City of Detroit,* supra.

"Payment extinguishes both lien and liability, and as the city purchased the land, it was an extinguishment of the lien and obligation.''

The same rule is applicable when the city becomes a purchaser at a tax sale. It stands in the same shoes as an individual when it elects to take over the property in satisfaction of the lien: *Smith v. Ludington,* supra.

*Settlemire v. Newsome,* 10 Or. 446, is not in point and does not support the contention of the appellants. In that case the question was whether lands sold on

execution for an amount less than the judgment debt and thereafter redeemed by the grantee of the judgment debtor may be sold again to satisfy the balance due on the judgment. The court, in upholding the second sale, said:

"The lien binds the title of the judgment debtor and until there has been a legal transmutation of that title, the lien should, apparently, continue."

We apprehend, however, that, if, upon the first sale, a sufficient amount had been obtained to satisfy the judgment in full, there would have been no question as to the extinguishment of the lien.

■ We are not unmindful that section 69-812, Oregon Code 1930, was enacted to protect a municipality in the collection of special assessments levied against property to pay for local improvements, but it is not believed that the statute was intended to be extended to cases where the municipality elects to acquire title to property on which assessment liens have been levied. The city could have protected its interests by bidding in the property at the general tax sale. It is said in the brief that such action would have been taken by the city in the instant case had it not been for the assurance of plaintiff that he would assume the outstanding street assessment liens. Be that as it may, it is apparent that the court cannot, in this proceeding, take cognizance of such alleged agreement.

The decree of the lower court that the title of plaintiff was free and clear of any unpaid assessment liens is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.