Argued November 19; modified December 29, 1936

# PACIFIC COAST INVESTMENT CO. *v.* JONES ET AL.

(63 P. (2d) 888)

Department 2.

*Robert E. Ellinwood* and *Harry G. Hoy,* both of Portland (Robert E. Ellinwood, Hoy & Doxey, and Arthur E. Prag, all of Portland, on the brief), for appellant.

*Charles E. Lenon,* of Portland (Clinton A. Ambrose, of Portland, on the brief), for respondent.

BAILEY, J. This suit was instituted by Pacific Coast Investment Company, a corporation, as plaintiff,

against Olive M. Jones, Belle M. Miller, as the widow of E. E. Miller, deceased, and as administratrix of the estate of that decedent, certain heirs of said decedent, and other individuals alleged to claim some right, title or interest, as *cestuis qui trustent*, in the real property involved in the suit, to recover on a note for $5,000 executed by E. E. Miller, trustee, on January 6, 1920, and payable to the defendant Olive M. Jones, and to foreclose a mortgage on real property in the city of Portland, given by said E. E. Miller, trustee, to Olive M. Jones as security for the payment of said note.

The note was payable five years after date, with interest at the rate of 6 per cent per annum, and, according to the allegations of the complaint, no part of the principal had been paid, nor had any interest thereon been paid subsequent to April 6, 1929. The usual allegations as to assignment of the note and mortgage are contained in the complaint, and judgment is demanded against Olive M. Jones and the estate of E. E. Miller, deceased, for $5,000 with past due interest and attorneys' fees.

No appearance was made by any of the defendants except Olive M. Jones. In her first affirmative defense she alleges that the plaintiff through fraud, misrepresentation and coercion induced her to indorse and deliver the note and assign the mortgage to plaintiff. The circuit court found against Mrs. Jones as to the allegations of this defense, and we concur with the court's finding that she has failed to prove any fraud, misrepresentation or coercion in the respect alleged.

As a second affirmative defense Mrs. Jones alleges that on October 1, 1932, which was a day or two subsequent to her indorsing the note and assigning the mortgage to the plaintiff, she acquired from the City of Portland a deed to the land mortgaged as security for

the payment of the $5,000 note; that the City of Portland had prior thereto acquired title to such property by virtue of the sale of the same for failure to pay delinquent city assessments against it; and that by reason of the sale of the mortgaged property by the city the lien of the mortgage had been extinguished.

In a third defense, by way of "cross-complaint", Mrs. Jones asserts ownership of this property in herself by reason of the deed from the City of Portland and seeks to quiet title thereto against the plaintiff and the other defendants.

The reply put in issue the affirmative matters contained in the answers and further alleges that on January 10, 1928, the sheriff of Multnomah county, Oregon, issued to the plaintiff a tax delinquency certificate for the delinquent taxes on the property described in the mortgage; that in the latter part of September, 1932, the amount due on the certificate was in excess of $1,700; that Mrs. Jones knew of the issuance of such certificate to the plaintiff; and that on September 29 the plaintiff and the defendant entered into a written contract which is set forth as an exhibit to said reply. The "whereas" clauses in the contract refer to the execution and delivery of the note and mortgage to the defendant by E. E. Miller as trustee; the issuance of a certificate of delinquency to the plaintiff, and the further fact that there was in excess of $1,700 unpaid thereon; that the same was a prior lien upon the property covered by the mortgage; that the plaintiff was intending to foreclose the certificate of delinquency, which the defendant did not want done; and that as a consideration of waiver of the right to foreclose said mortgage the agreement was entered into by plaintiff and Mrs. Jones. The agreement expressly provides that in consideration of the plaintiff's withholding and

waiving the foreclosure of said certificate the defendant "does hereby sell, assign and transfer" to the plaintiff by said document and by a formal assignment of the mortgage the note and mortgage involved in this suit. The agreement also contains the following two paragraphs:

"The conditions of this assignment and consent are: That the said Olive M. Jones shall pay to the said Pacific Coast Investment Company, a corporation, the full amount of the said tax certificate and all taxes paid thereon, with accrued interest, on or before the 1st day of April, 1933, then the said note and mortgage shall be re-assigned to the said Olive M. Jones, by the said Pacific Coast Investment Company, but if the said sum, and the whole thereof is not paid to the said Pacific Coast Investment Company, by the 1st day of April, 1933, then the said Pacific Coast Investment Company shall not be under obligation to reassign or transfer to the said Olive M. Jones, the said note or mortgage, and the same shall become the property absolute of the said Pacific Coast Investment Company, a corporation.

"This agreement is to be construed as an option to purchase the said note and mortgage upon the terms and at the times hereinbefore expressed and is not to be considered as a pledge by the said Olive M. Jones of the said note and mortgage as security for her promise to pay the sums due or to become due on the said tax certificate."

It was adjudged and decreed by the circuit court that the plaintiff have "judgment against the estate of E. E. Miller, trustee, and Belle M. Miller as administratrix of the estate of E. E. Miller, deceased," for the sum of $5,000 with interest at the rate of six per cent per annum from April 6, 1929, and the further sum of $500 as attorneys' fees, also its costs and disbursements, and that the mortgage described therein be foreclosed and the property sold to satisfy such judgment.

It was ordered that plaintiff have judgment against the defendant Olive M. Jones in the sum of $1,629, with interest at the rate of six per cent per annum from September 29, 1932, also for $500 as attorneys' fees, and the amount of plaintiff's costs and disbursements; and that "this judgment in favor of the plaintiff herein against said Olive M. Jones is a prior and superior right and claim upon the judgment and decree herein rendered against the said E. E. Miller, trustee, et al., and shall be satisfied first from the sale of said real property"; that if a greater sum is realized from the sale of said property than is required to satisfy the judgment against the defendant Olive M. Jones, the excess shall be paid to said defendant; and that in the event that said property does not sell for a sum sufficient to satisfy in full the judgment against Mrs. Jones, "judgment for the deficiency shall be rendered in favor of the plaintiff against the said defendant Olive M. Jones, if upon motion and proper showing such deficiency judgment against said defendant, Olive M. Jones, would be just and equitable." From this decree the defendant Jones has appealed.

The certificate of delinquency was issued to plaintiff by the sheriff of Multnomah county on January 10, 1928, and was for delinquent taxes for the year 1925, which taxes together with penalty and interest at the date of issuance of the certificate amounted to $272.95. On January 17, 1928, the plaintiff paid the delinquent taxes for the year 1922, which with penalty and interest amounted to $387.08. On the last mentioned date plaintiff also paid the taxes for the first half of 1926, amounting to $131.51. A year later, on January 23, 1929, the plaintiff paid taxes for the year 1927, aggregating $276.24. All these payments were charged on the certificate of delinquency which prior thereto had been issued

to the plaintiff. Up to the time of the trial of this case no taxes subsequent to those for 1927 had been paid.

Under date of October 1, 1932, one or two days after the assignment of the note and mortgage by defendant to plaintiff, the defendant obtained from the City of Portland a deed to this property for a consideration of $17.28, which deed recited delinquent assessments, sale of the property to the City of Portland and failure to redeem.

According to the contract between the plaintiff and the defendant, the latter was given until April 1, 1933, to pay to plaintiff the sum of $1,700. Nothing was done by defendant toward the payment of this amount, and in May, in June, and twice in November of the year 1933, and again in February and April of 1934, the plaintiff wrote to defendant Jones concerning the amount due and asking information as to her intention regarding payment. In a letter written April 6, 1934, the defendant was notified that unless something was done on or before May 1 of that year it would be necessary for plaintiff to institute proceedings for the foreclosure of the mortgage, because the same would soon be barred by the statute of limitations. Nothing was heard by plaintiff from the defendant in response to the letters written to her, and on December 3, 1934, this suit was instituted. In none of the letters mentioned did the plaintiff demand payment by the defendant of anything more than the amount of the certificate of delinquency held by it, together with interest thereon, with the exception that in two of the letters the amount requested to be paid was designated at $1,700 and interest thereon, whereas the total amount due plaintiff on the certificate was somewhat less than that sum.

During the trial counsel both for the plaintiff and the defendant Jones asserted that the transfer of the

note and the assignment of the mortgage by Mrs. Jones to plaintiff were intended to furnish security to plaintiff for the amount of taxes which it had paid. All the acts of the parties themselves bear out this interpretation of the transactions between them. The plaintiff did not on April 1, 1933, by the failure of defendant to pay "the full amount of said tax certificate and all taxes paid thereon with accrued interest", become the absolute owner of said note and mortgage. The transactions between the parties to the agreement, and their subsequent acts concerning the same, impel us to the conclusion that regardless of the terminology employed by plaintiff and Mrs. Jones in designating the agreement as "not a pledge", it was never their intention that failure of defendant to pay the amount specified in the agreement should work a forfeiture of her entire interest in the note and mortgage. Any surplus realized on said note and mortgage over the amount of taxes paid by plaintiff belonged to Mrs. Jones.

Section 4323, O. L., as amended by chapter 261, Laws 1923, provided that all taxes not paid on or before the fifth day of October of the year in which they were due became delinquent. This section was further amended in 1925 so as to provide that such taxes should become delinquent on the fifth day of November instead of October: chapter 48, Laws 1925. Regardless of which law applied, the plaintiff seems to have acted on the theory that proceedings to foreclose the certificate of delinquency held by it for the 1925 taxes which became delinquent in 1926 would have to be instituted on or before the fifth day of October, 1932, in order to come within the six years' limitation provided by § 69-807, Oregon Code 1930. It therefore became imperative, in the view of plaintiff, either that such foreclosure proceedings be instituted immediately or that some ar-

rangement be made with the mortgagee, defendant Jones, to protect plaintiff in the amount due it in payment of the delinquent taxes.

■ The lien for taxes represented by the certificate of delinquency held by the plaintiff was superior to the lien for city assessments, inasmuch as those taxes were levied for state, county, school and other governmental purposes and were, when levied, by statute made prior to all other liens and incumbrances: § 4325, O. L.; *Hughey v. Cornell,* 137 Or. 589 (3 P. (2d) 781); *Keene v. City of Seattle,* 31 Wash. 202 (71 P. 769); Black on Tax Titles (2d Ed.), 528, § 420.

■ When Mrs. Jones received a deed on October 1, 1932, for the property included in the mortgage she took no better title thereto than the city had acquired when it purchased the land at the sale on foreclosure for delinquent street assessments. The deed to the City of Portland was issued prior to September 29, 1932, the date of the transaction between plaintiff and Mrs. Jones. The foreclosure of street assessments and the sale of the property to the City of Portland had not, however, extinguished the lien of the taxes represented by plaintiff's certificate of delinquency or the taxes paid by plaintiff subsequent to its issuance. Plaintiff at that time could have foreclosed its lien and acquired title superior to that of the City of Portland which later passed to Mrs. Jones.

■ The mortgage given to the defendant Jones by Miller as trustee expressly provides that in case the mortgagor fails, neglects or refuses to obtain insurance or to pay all taxes, street assessments and other claims against the mortgaged property, the mortgagee may at her option pay the same, and that all sums thus expended shall at once become due and payable and shall be secured by the lien of the mortgage. The general

rule appears to be that when a mortgagee has merely a lien on the mortgaged property and it is provided either by law or by the instrument creating the lien that such mortgagee may pay any delinquent taxes or assessments against the property and add the amount so paid to the mortgage lien, such mortgagee can not by purchasing the property at a sale on foreclosure of the delinquent taxes or assessments, or by purchasing the title to the property from another who has acquired it through such proceedings, acquire a title to the property adverse to that of the mortgagor: *Cone v. Wood,* 108 Iowa 260 (79 N. W. 86, 75 Am. St. Rep. 223); *Clermont-Minneola Country Club v. Coupland,* 106 Fla. 111 (143 So. 133, 84 A. L. R. 1354); *Stinson v. Connecticut Mutual Life Insurance Co.,* 174 Ill. 125 (51 N. E. 193, 66 Am. St. Rep. 262); 2 Jones on Mortgages (8th Ed.), 213, § 883. See also, annotation to *Price v. Salisbury,* L. R. A. 1917D, 520, at 522.

If a mortgagee can not thus acquire title adverse to that of the mortgagor, much less should a mortgagee such as the defendant Jones be permitted to acquire title adverse to that of one to whom the mortgage has been assigned as security for repayment of taxes paid by the assignee. As already stated, the plaintiff did not become the absolute owner of this note and mortgage. Both the plaintiff and the defendant Jones were interested in preventing the lien of the mortgage from becoming a nullity through sale of the property for taxes or city liens.

■ It is asserted by the appellant that at the time of the assignment of the note and mortgage by her to the respondent, proceedings for the foreclosure of the certificate of delinquency held by respondent were barred by the statute of limitations. In support of this contention reliance is placed upon that part of subdivision 5,

§ 69-807, *supra,* which specifies the time for instituting such proceedings in the following language:

"The proceeding provided by this act for the foreclosure of all certificates of delinquency issued pursuant to this act shall be commenced within six years from the date of the original delinquency and not afterwards."

The original certificate of delinquency sought to be foreclosed was issued to plaintiff on January 10, 1928, and was for delinquent taxes for the year 1925. The 1922 delinquent taxes were not paid by plaintiff until January 17, 1928. Section 69-823, Oregon Code 1930, provides that every purchaser of delinquent certificates shall, before applying for judgment or decree of foreclosure, pay all taxes that have accrued on the property included in the certificates since the issuance of said certificates, and any prior tax that may remain unpaid on said property. It was therefore necessary for the plaintiff, before applying for the foreclosure of the certificate, to pay the 1922 taxes. In so far as the statute of limitations was concerned, it matters not whether the 1922 taxes were paid the next day after the certificate was issued or the day before foreclosure proceedings were instituted. We therefore hold that the period of limitation above mentioned refers to the delinquency of the 1925 taxes, dating from either October 5 or November 5, 1926.

■ It is difficult from a reading of the decree to determine whether it is for two judgments, one of $5,000 and interest against the administratrix of the Miller estate and another one for $1,629 with interest against the defendant Jones. The complaint itself does not attempt to attach to the amount of the mortgage the taxes which have been paid by the plaintiff, and therefore we construe the decree to be for merely the amount

of the note, with interest, attorneys' fees and costs. In the transaction between the defendant Jones and the plaintiff the note held by Mrs. Jones bore a special, nonrestrictive, unqualified indorsement, and for that reason judgment was sought against her. The dealings between the parties, however, disclose that it was not the intention of the parties thereto that Mrs. Jones should become personally liable for the payment of the note. She was under no obligation to pay the taxes, although she had the right, if she so desired, to pay the same and have them added to the amount of the mortgage: § 69-843, Oregon Code 1930.

The decree of the circuit court should therefore be modified so as to eliminate the personal judgment against the defendant Jones. It should also provide that upon the sale on foreclosure the plaintiff first be paid the amount of costs awarded it, its attorneys' fees and $1,629, the amount which the court found due plaintiff on its certificates of delinquency as of September 29, 1932, with interest thereon from the latter date at the rate of 6 per cent per annum. Any excess over and above the foregoing amounts should be paid to the defendant Jones. With this modification, the decree appealed from is affirmed; neither party to recover costs in this court.

BEAN, RAND and ROSSMAN, JJ., concur.