## HENRY CHAMBERLAIN v. CHRISTIAN AHRENS.

*Ejectment—Tax-title—Tenant-in-common—Limitations.*

1. Ejectment for land held under a tax deed is barred after ten years' adverse possession. How. Stat. § 8698. This will apply to a claim under a tax deed that conveys an undivided half of the premises, but does not specify which half; it is only necessary that the claim be consistent with the face of the deed; and the deed need not be good.

2. A tenant-in-common who has entered upon a portion of the premises is not thereby precluded from claiming the whole, since he is not barred from buying the remainder of the title.

3. The State is bound by statutes of limitation, and can give no title by selling, after twenty years, an old tax bid for premises that have meanwhile been held adversely long enough to bar ejectment for them.

Error to Berrien. (A. J. Smith, J.) Oct. 8.—Oct. 15.

EJECTMENT. Plaintiff brings error. Affirmed.

*Clapp & Bridgman* for appellant.

*David Bacon* and *O. W. Coolidge* for appellee.

CAMPBELL, J. Chamberlain brought ejectment for an undivided half of certain lands which defendant is admitted to have held under a tax title valid against the other half. Chamberlain's title was deduced from a tax deed which he claims to have covered the other half, executed to George

W. Holt in 1855, conveyed by him to Leonard Holt in 1858, and by Leonard Holt to Chamberlain in April, 1867. He also set up a deed made in 1882, whereby the Auditor General conveyed to him a State-tax purchase of five-twelfths of the land for taxes of 1858.

The court below gave judgment for defendant, on finding that he had been in adverse possession for more than ten years under claim of tax titles; and that the deed of 1882 would not change his position.

It is claimed that the ten years' statute does not apply, because the tax title did not really cover defendant's half. The testimony tended to show that defendant first went into possession, claiming under a tax deed of one-half, which, so far as the deed was concerned, did not define which half, but which in fact was not Holt's; that he subsequently acquired a later tax deed for an undivided half, which he supposed and claimed to cover the other half; that in 1867 Chamberlain went to the land and defendant denied his right, and claimed to hold all the land under his tax titles. We cannot see how a plainer case could arise of a claim of title "under a deed made by some officer of this State, or of the United States, authorized to make deeds upon the sale of lands for taxes assessed and levied within this State." The statute does not contemplate that the deed must be good, for then no limitation would be necessary to protect the possession. A claim which is consistent with the face of the deed, and which is asserted for ten years with possession, is all that the law requires. Comp. L. § 7137; How. Stat. § 8698.

There is no force in the suggestion that having entered upon half he could not afterwards claim the whole. A tenant-in-common is not barred from buying the remainder of the title.

The court below held the deed of 1882 invalid. We need not discuss that question, which would involve some elaboration of the numerous statutes bearing on State tax lands. Under the statutes in force when the land was bid in, the State had a title which might have been enforced before the controversy arose in 1867. It would be a perversion of all

sound rules to hold that by waiting over twenty years and then selling an old tax bid, that period should not count in the possessor's favor. The State is bound by the statutes of limitations, and defendant's rights are as complete against this title as against the other.

The judgment must be affirmed.

The other Justices concurred.