108     599
135     572

## LEONARD *v.* CITY OF DETROIT.

HIGHWAYS—ADVERSE POSSESSION—ESTOPPEL.

The removal by a lot owner, pursuant to notice from the board of public works, of a fence which, for a period sufficient to give title by adverse possession, had inclosed with the lot a strip of land situate within the sidewalk line, will not be construed, after the lapse of 12 years, during which time the city has made no attempt to use any portion of the strip of land for public purposes, and the porch and steps of the lot-owner's house have projected several feet over and upon said strip, as an acknowledgment by the lot owner of the claim of the city that the line of the street included said strip of land.

Appeal from Wayne; Hosmer, J. Submitted March 3, 1896. Decided March 11, 1896.

Bill by Cornelia S. Leonard against the city of Detroit to quiet title. From a decree for part of the relief prayed, complainant appeals. Reversed.

*Albert P. Jacobs*, for complainant.

*John J. Speed*, for defendant.

LONG, C. J. Complainant is the owner of a lot situate at the corner of Miami avenue and John R. street, in the city of Detroit, and this bill is filed to quiet title to a strip of land 4 feet wide along the John R. street side of said lot, and to another strip 9.65 feet wide along the Miami avenue side, which strips the city of Detroit asserts form a part of the street and avenue mentioned. The lot in question is owned in fee by the complainant, and has been in possession of complainant and her grantors for more than 50 years continuously. These strips of land are situate within the sidewalk line, and have been inclosed most of the time for 50 years by a fence about 50 inches in height. There were no inner fences, so that the outer fence upon either side inclosed these strips with complainant's lot. The house occupied by her has stood upon the lot for about the same length of time. The porch and steps therefrom extend over upon these strips. On the hearing in the court below a decree was entered in favor of complainant, quieting her title to the strip along John R. street, but refusing to grant the relief prayed for as to the strip along Miami avenue, and complainant appeals from that decree.

It would not be necessary to discuss the question of complainant's right to a decree to the Miami avenue strip as well as the John R. street strip upon the above state of facts, as the question would clearly fall within the opinion of this court in *Flynn* v. *City of Detroit*, 93 Mich. 590; but counsel for the city contends that upon

the proofs contained in the record relative to the action of the common council in 1881, and the acquiescence of complainant therein, whatever rights in the Miami avenue strip she might have acquired prior to that time by such adverse possession she is now estopped from claiming, it having become a part of the public highway by user. It appears that on May 24, 1881, the common council of the city adopted a resolution directing the board of public works to notify the owners and occupants of the property on Miami avenue to remove all fences and other like obstructions in said avenue in front of their respective premises; that in compliance with such notice the complainant and others removed the fences on Miami avenue; and since that time, and for nearly 12 years before this bill was filed, it is contended that the complainant has by such act acknowledged the claim of the city that the line of the street includes the premises in controversy; and that, though the traveled part of the street has never been extended beyond its then limits so as to include this strip, yet by user it is now a part of the street.

The reasons of the court below for refusing to quiet the title of complainant to the Miami avenue strip are not stated in the record, but we are satisfied that the court was in error in not quieting the title in this strip as well as in that along John R. street. Complainant's house stands upon the lot line, and her porch and steps project several feet over upon this Miami avenue strip; the porch and steps have never been removed; the traveled way has never been widened; the sidewalk has never been disturbed, so far as shown by this record. Aside from the removal of the fence, there is no evidence that the complainant intended to dedicate this strip for city purposes; but, on the other hand, it is quite apparent that no such dedication was intended, as the porch and steps have continued to occupy a portion thereof. The city has done nothing, except to order the removal of the fence along Miami avenue, nor has attempted to use any portion of

this strip for the purposes of the city.    We think it clear that the city has. not acquired the right by user to claim this strip as a part of Miami avenue.

The decree of the court below relative to this strip of land will be reversed, and a decree entered here removing the cloud from complainant's title thereto.    The complainant will recover costs of both courts.

The other Justices concurred.