VIER *v.* CITY OF DETROIT.

1. ADVERSE POSSESSION—COLOR OF TITLE.
   Adverse possession need not be based upon color of title.

2. SAME—PUBLIC ALLEYS.
   Title by adverse possession may be acquired to land laid out for a public alley.

3. SAME—BILL TO QUIET TITLE.
   An individual who, for the statutory period, has been in the exclusive possession of land claimed by a city to be a public alley, has a sufficient title to maintain a suit in chancery against the city claiming the easement, under 2 How. Stat. § 6626, authorizing the filing of a bill to quiet title to real estate by persons having the legal or equitable title thereto.

4. EQUITY—PARTIES—ESTOPPEL.
   A city is not entitled to a dismissal of a bill against it to quiet title to land laid out for an alley, on the ground that it has no control over the alley, and therefore is not a proper party, where it asserted in its answer its right and authority in the premises.

Appeal from Wayne; Carpenter, J. Submitted January 15, 1897. Decided February 18, 1897.

Bill by August Vier against the city of Detroit, and James Dean and others, constituting the board of public works, to quiet title. From a decree for complainant, defendants appeal. Affirmed.

*Gray & Gray*, for complainant.

*Frank A. Rasch*, City Attorney, for defendants.

HOOKER, J.   This case seems to possess the essential features of that of *Vincent* v. *City of Kalamazoo*, *ante*, 230.   The complainant owned lot 12 of block 44 of the Cass farm, in the city of Detroit, said lot being 42.04 feet wide.   Running through this block is a strip of land which defendants claim to be a public alley, and of this a strip 7.96 feet wide, adjacent to lot 12, has been occupied with said lot by the complainant and his predecessor, from whom he took a quitclaim deed, and was put in possession of said strip at the time he acquired title to the lot.   The evidence of exclusive possession for many years more than the statutory period is clear, and it appears that, when the complainant commenced a permanent improvement upon the disputed strip, the city authorities ordered him to desist, upon the claim that it was public ground and part of a public alley.   Thereupon the complainant filed this bill to settle the question.

Counsel for the city contends:

1. That this is a bill to restrain a trespass, and that there is an adequate remedy at law.

2. That the complainant's claim is not based upon any paper title.

In our opinion, this is something more than a bill to restrain a threatened trespass.   The city threatened no trespass, but made a claim of title to an easement in the land, rendering it imprudent for the complainant to erect his contemplated brick structure thereon until the question should be settled.   He thereupon filed this bill to quiet his title, and we think that he was warranted in so doing by 2 How. Stat. § 6626, the object of which section has been held to be "to enable persons in possession of real estate, and having the legal or equitable title thereto, to remove all doubts as to the validity of their titles arising from the claims of other persons who are taking

no steps to test the validity of their claims either in law or equity." See note to section 6626.

Upon the other point it occurs to us to say that the statute is not limited to persons holding under paper titles. It includes all legal titles, and titles by adverse possession are legal titles. Nor do we know of any case that sustains defendants' contention that adverse possession must be based upon a paper writing. In the case cited (*Marble* v. *Price*, 54 Mich. 466), it is not so held, but it is said that the occupancy was *without claim* or color of title. See, also, *Hyne* v. *Osborn*, 62 Mich. 235; *City of Big Rapids* v. *Comstock*, 65 Mich. 78. In *Campau* v. *Lafferty*, 50 Mich. 114, it is said that "adverse possession need not be based on color of title, and it may become perfect even though the possessor originally had no shadow of title."

We think that title by adverse possession may be acquired to land laid out for an alley, as well as to that within the boundaries of a public street.

Counsel now seems disposed to admit that the city has no right of control over a public alley in Detroit, and argues that, if the city has no control over the alley, the complainant and his grantor cannot acquire rights in the alley by adverse possession as against the city of Detroit, and therefore the city was not a proper party, and the bill should be dismissed. This is hardly consistent with the other contention, and certainly not with the allegations of the answer, which asserts the right and authority of the city in the premises. A disclaimer would have been a proper pleading, if the claim now made was relied on when issue was joined.

The decree of the circuit court in chancery is affirmed, with costs.

The other Justices concurred.