SCHNEIDER *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — DELINQUENT ASSESSMENTS — PURCHASE BY CITY—MERGER OF LIEN.

  Under the provisions of a city charter authorizing the controller to bid off for the city land sold for delinquent assessments, and to execute conveyances therefor, such a sale and purchase by the city vests the title in the municipality, and whatever prior lien the city had is merged in the title so acquired.

2. SAME—ADVERSE POSSESSION.

  Adverse possession may give a good title against a city.

Appeal from Wayne; Mandell, J. Submitted January 13, 1904. (Docket No. 27.) Decided February 2, 1904.

Bill by Adaline Schneider against the city of Detroit, impleaded with Joseph F. Weber and Cyrus Johnston, to quiet title. From a decree for complainant, defendant appeals. Affirmed.

*Jasper C. Gates,* for complainant.

*John W. McGrath,* for defendant.

MONTGOMERY, J. The bill, as originally filed by complainant, had a double aspect. It set out that the complainant had a contract with the defendant Weber for the purchase of the land in question (being lot 15 of outlot 23 of the Guoin Farm, in the city of Detroit), that she had performed her contract, and prayed specific performance of the contract by defendant Weber. The bill also averred that complainant and Weber, as her grantor, had been in possession of the premises in question since 1882, that the defendant city claimed some right or title in the property by virtue of a tax lease given upon a sale for taxes in 1881,—the taxes having been imposed for the purpose of

constructing a sewer,—and prayed for a decree quieting title as against the city. Later, by stipulation of the parties, Weber having executed to complainant a deed of the property in question, a supplemental bill was filed, averring this fact, and averring that Weber and his grantee had been in actual and exclusive possession of the premises for more than 15 years prior to the filing of the bill; that during all that time the city regularly levied its taxes and assessments upon the property, which were paid. The prayer was that the title of complainant be quieted. On the hearing the facts were agreed upon, and are substantially in conformity with the averments in the bill. It appeared, in addition, that the sewer for which the taxes were spread was a lateral sewer in the alley on which this lot abuts, and that the complainant and her grantor had made use of the sewer from the time of its construction. The circuit judge granted the relief prayed, and the city brings the case here on appeal.

It is the contention of defendant's counsel that Weber and complainant have been enjoying the benefits of this sewer; that it is a benefit to the property, enhancing the value of the same; and that it is a matter which the warrantor should adjust. The supplemental bill practically eliminates Weber from the controversy, and presents the case substantially as it would have appeared had the deed to complainant been given before the original bill was filed. The question, on such a record, must be whether the complainant is entitled to have a decree quieting the title acquired by adverse possession. No cross-bill was filed against the defendant Weber, and no relief prayed against him by the city; and clearly the city would be entitled to no relief against him, unless by invoking the rule that he who seeks equity must do equity.

But we are unable to see how even this rule can be invoked by the defendant here. Under section 173 of the charter of 1883 of Detroit, a sale is authorized by the city for delinquent taxes. By section 181 of the charter, the same proceedings are to be had in case of assessment rolls

to defray the expense of constructing lateral sewers.    It is provided by section 173 that, if the real estate shall not be redeemed within one year after such sale, the controller shall execute and deliver to the purchaser or his assigns a proper deed of conveyance, which deed shall be *prima facie* evidence of the regularity of all the proceedings, etc.    Section 179 authorizes the controller to bid off for the city every lot of land upon which no person shall offer to bid, and enacts that, upon all. such bids by the controller, conveyances and certificates of sale may be executed by the controller to the corporation.    In *Gray* v. *City of Detroit*, 113 Mich. 657 (71 N. W. 1107), it was held that such a sale and purchase by the city vests the title in the municipality, and that the city authorities are under no obligation to allow redemption at any time after the year provided by the charter.    The title to this property, then, vested in the city.    There was no contingent tax lien thereafter, but whatever lien the city had prior to that time was merged in the title which it had acquired by the sale.

That adverse possession may give a good title as against the city was determined in *Flynn* v. *City of Detroit*, 93 Mich. 590 (53 N. W. 815); *Leonard* v. *City of Detroit*, 108 Mich. 599 (66 N. W. 488); *Vier* v. *City of Detroit*, 111 Mich. 646 (70 N. W. 139).    The same rule has been applied in this State as against the State, viz., that the statute of limitations runs against the State upon lands bid off to the State at a tax sale.    *Chamberlain* v. *Ahrens*, 55 Mich. 111 (20 N. W. 814).

We see no escape from the conclusion reached by the circuit judge, and the decree will be affirmed, with costs.

The other Justices concurred.