STAUB *v.* TRIPP.

1. COVENANTS—BREACH—JUDGMENT.
    Former decision of instant case in 248 Mich. 45, is overruled by *Hilt* v. *Weber*, 252 Mich. 198; controlling question therein having been presented on former hearing.

2. JUDGMENT—SATISFACTION.
    Where, subsequent to decision of Supreme Court affirming judgment against appellants and remanding case to circuit court, appellants delivered draft to court clerk in satisfaction of judgment and costs with instructions to deliver to appellee when he filed satisfaction of judgment, but his attorney refused to accept draft, claiming that it was insufficient in amount, whereupon its return was demanded, payment stopped, and appellants' motion for rehearing granted, there was no satisfaction of judgment.

Error to Van Buren; Warner (Glenn E.), J. Submitted June 18, 1929. (Docket No. 110, Calendar No. 34,381.) Decided September 4, 1929. Rehearing denied December 3, 1929, and reconsidered. Resubmitted January 23, 1931. Decided April 7, 1931.

Assumpsit by Casper Staub, Jr., against Burrell Tripp and another for breach of covenant of title. Judgment for plaintiff. Defendants bring error. Reversed on rehearing and new trial ordered.

*W. G. Bessey* (*A. M. Cummins,* of counsel), for plaintiff.

*I. C. Montague,* for defendants.

ON REHEARING.

NORTH, J. The original opinion herein is reported in 248 Mich. 45; and is in accord with the earlier decisions in the so-called *Kavanaugh Cases.* See *Kavanaugh* v. *Rabior,* 222 Mich. 68, and *Kava-*

*naugh* v. *Baird,* 241 Mich. 240. These decisions have now been overruled by *Hilt* v. *Weber,* 252 Mich. 198 (71 A. L. R. 1238); and consistent administration of justice clearly necessitates a reversal of our former decision herein unless such action is foreclosed for reasons presented on this rehearing by appellee.

It is first urged by appellee that the controlling question in the *Hilt Case* was not presented in the instant case; that appellants did not claim there was not a lack of title to the lands purchased from them by appellee, and that therefore there was no breach of the covenant of title. While, in the face of the *Kavanaugh* decisions, appellants did not stress a claim of title to lands lying on the lake side of the meander line, reference to our former decision herein discloses that it was wholly based on that theory and express reference was made to the holding in *Kavanaugh* v. *Baird, supra.* And appellants did assert as their defense that there was no breach of their covenant of title. If, as we now hold, their title extended beyond the meander line to the water's edge there was in fact no failure of title and the asserted defense was good. A holding to the contrary, in view of our decision in *Hilt* v. *Weber, supra,* would result in a total failure of justice in the instant case. Even when considered from the more technical standpoint of whether the question was properly saved for review by this court, the record discloses that the trial judge specifically found:

"Riparian owners along the great lakes own only to the meander line and title between the meander line and the present water is held in trust by the State for its citizens. *Kavanaugh* v. *Rabior,* 222 Mich. 68; *Kavanaugh* v. *Baird,* 241 Mich. 240. * * * The covenant of seizin has been broken and plaintiff is entitled to recover."

And appellants' 17th assignment of error is that the trial court erred: "In finding that the covenant of seizin had been broken." The question was thus clearly presented in this court by the record.

A further objection by appellee to relief being granted upon rehearing is that the judgment affirmed by our former decision has already been satisfied. From affidavits filed incident to this rehearing it appears that, subsequent to the affirmance and remanding of this case to the circuit court, appellants delivered to the clerk of that court a draft for $6,430.25 with instructions to deliver the same to appellee when the latter filed a satisfaction of judgment. Appellee's attorney refused to accept the draft as satisfaction of the judgment and costs, claiming that it was insufficient in amount. Thereupon appellants' attorney demanded of the clerk a return of the draft, stopped payment thereon, and filed a motion in this court for a reconsideration of the order by which his application for rehearing had been denied. This rehearing was subsequently granted. In view of these facts, appellants are right in their contention that there has not been a satisfaction of the judgment heretofore rendered in this cause.

As noted above, in view of our holding in *Hilt* v. *Weber, supra,* it conclusively appears from the record in this case that there was no breach of the covenant of title to the premises conveyed by appellants to appellee and therefore the judgment of the lower court is reversed, the case remanded, and a new trial ordered. Under the circumstances, no costs will be awarded in this court.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.