T. L. BURNER *et al. v.* MUTUAL PROTECTIVE ASSOCIATION
OF WEST VIRGINIA

(CC 545)

Submitted March 3, 1936.   Decided March 17, 1936.

*Kittle & Kittle,* for plaintiffs.
*H. G. Muntzing* and *D. D. Stemple,* for defendant.

HATCHER, PRESIDENT:

Recovery for a loss of property by fire is sought under a standard mortgage clause attached to a fire insurance policy.   It was issued to A. F. Reed.   He subsequently

executed a deed of trust on the property to secure a debt owing The First National Bank of Philippi. The mortgage clause was then attached to the policy providing that loss should be payable to the Bank, "as first mortgagee or trustee" as its interest should appear. The property was sold under the deed of trust; and the Bank became the purchaser and received a deed from the trustee. Seven months later, the property burned. After the fire, the Bank assigned its claim against the insurer to the plaintiffs herein, Burner, et al., as trustees.

The insurer specified the following defenses: That it received no proof of the loss as the policy requires; that this action was not brought within the period fixed by the policy; and that the right of the Bank as mortgagee became merged in its right as owner. The demurrer of plaintiffs to the specifications was sustained, and their sufficiency certified here.

It was settled law in the Virginias as early as 1819 ("not at this day to be questioned") that in consummating a sale under an ordinary deed of trust, the deed of the trustee conferred on his vendee indefeasibly the whole title of the trustor. *Taylor* v. *King*, 6 Munf. (Va.) 358, 366, 8 Am. Dec. 746. Therefore, the deed of the trustee to the Bank, completely terminated Reed's interest in the trust property. When his interest ended, the policy expired. 26 C. J. subject Fire Insurance, sec. 13. The mortgage clause fared no better than the policy. The conveyance to the Bank was made in satisfaction (or satisfaction *pro tanto*) of Reed's obligation. Upon acceptance of that payment, the Bank's status as "first mortgagee" ceased. The purpose of the deed of trust had been accomplished. Its force was expended. It likewise expired. *Davis* v. *Dale*, 150 Ill. 239, 37 N. E. 215; *Reynolds* v. *Ins. Co.*, 128 Cal. 16, 21, 60 P. 467, 79 Am. St. Rep. 17; *Carpenter* v. *Ins. Co.*, 16 Peters (U. S.) 495, 10 L. Ed. 1044; *Phoenix Assurance Co.* v. *Allison* (Tex. Civ. App.) 27 S. W. 894; *Boston Co-op. Bank* v. *Ins. Co.*, 201 Mass. 350, 87 N. E. 594, 23 L. R. A. (N. S.)

1147. 41 C. J. subject Mortgages, sec. 1114. Whether the price bid at the trustee's sale equaled the amount due the Bank does not appear. But that is immaterial. The sale under the trust deed rendered the deed *"functus officio"*. *Johns* v. *Anchors,* 153 Ala. 498, 45 So. 218.

We have not overlooked the doctrine that in order to prevent injustice, equity (or possibly a law court with equitable notions) may preserve the lien after payment of the debt secured. *Sullivan* v. *Saunders,* 66 W. Va. 350, 352-3, 66 S. E. 497, 42 L. R. A. (N. S.) 1010, 19 Ann. Cas. 480. In the present case, however, equities favor the insurance company as well as the Bank. The company was entitled to prompt notice and proof of the loss, so that immediate investigation could have been made. It might not have been obligatory on the Bank under the mortgage clause, as bare mortgagee, to have performed those duties. Cooley's Briefs on Ins. (2d Ed.) pp. 5746-7. But as the sole owner of the property and the only one interested in the insurance, it was incumbent on the Bank to have done so. Its failure in that respect placed the insurer at a disadvantage and prevents consideration of the equitable doctrine. This case is subject to the ordinary rule of the common law. "The strict rule of law is that when the ownership of the mortgage debt, and title to the land become vested in the same person, the mortgage is thereby merged and extinguished." *Turk* v. *Skiles,* 45 W. Va. 82, 88, 30 S. E. 234. Accord: *Jackson* v. *Tift,* 15 Ga. 557; *Macomber* v. *Ins. Co.,* 8 Cush. (Mass.) 133; Pomeroy's Eq. Juris., (4th Ed.) sec. 787; *Kerns* v. *Carr,* 82 W. Va. 78, 95 S. E. 606, L. R. A. 1916 E, 568.

The holding of the circuit court is

*Reversed.*