ARMSTRONG PRODUCTS CORPORATION *v.* WILLIAM M. MARTIN, *Assessor, etc.*

(No. 8630)

Submitted June 1, 1937. Decided June 15, 1937.

*Vinson, Thompson, Meek & Scherr,* for relator.
*E. E. Winters, Jr.,* for respondent.

HATCHER, JUDGE:

This is an original proceeding in mandamus.

An improved tract of three acres in Cabell County owned by Armstrong Electric & Manufacturing Corporation was delinquent for 1930 taxes. The tract was conveyed by its owner to Armstrong Appliance Corporation in February, 1931, the grantee covenanting to pay the 1930 taxes. This was not done; and in December, 1931,

the tract was sold for the delinquency by the sheriff, and was purchased by the state. The taxes for 1931 were also not paid and the tract was purportedly sold to the state at the tax sale therefor in December, 1932. The Appliance Corporation was adjudicated a bankrupt in 1934 by the United States District Court for Delaware, and on February 14, 1935, that court, by order, directed "the tax authorities of the State of West Virginia" to appear before the referee in bankruptcy at Wilmington, Delaware, on March 4, 1935. This order was directed to be published and was served personally on the Auditor of West Virginia and the sheriff of Cabell County. On March 14, 1935, the court ordered the tract to be sold free of liens, including taxes, and adjudicated that the liens should be transferred to the proceeds of the sale. The tract was sold April 3, 1935; the sale was confirmed and a deed executed by the trustee in bankruptcy on April 5, 1935, to the purchaser, who, on the same day, conveyed it to the petitioner, Armstrong Products Corporation.

The petition alleges that the sheriff "after collaborating with the State Auditor" filed and on April 30, 1935, received payment of a claim in the bankruptcy proceedings "for direct property taxes assessed and charged against said land and improvements for the years 1931, 1932, 1933, 1934 and 1935," which the sheriff represented were all the taxes due on the tract. The taxes for 1936 have been paid. The respondent, the assessor of Cabell County, now refuses to extend the taxes against the tract on the land books for 1937 because the tract has never been redeemed from the sale to the state in 1931 for the delinquency of 1930. Relator prays for a writ requiring the extension.

Relator relies largely on the established rule that under some circumstances, a bankruptcy court may sell a bankrupt's land free from the lien of a state for taxes. See *Van Huffel* v. *Harkelrode*, 284 U. S. 225, 52 S. Ct. 115, 76 L. Ed. 256, 78 A. L. R. 453. The rule, however, does not apply here, for when sale was attempted by the bankruptcy court, this land was not that of the bankrupt

upon which the state had a mere lien, *but was the land of the state.* By its purchase at the tax sale in 1931, the state acquired the complete title of the Manufacturing Corporation, subject only to the right of redemption. Code 11-10-29; *McGee* v. *Sampselle,* 47 W. Va. 352, 34 S. E. 815; *Neal* v. *Wilson,* 79 W. Va. 482, 92 S. E. 136; *Hector Coal Land Co.* v. *Jones,* 79 W. Va. 618, 92 S. E. 102. And thereupon, the state's lesser right as a lienholder was merged in its greater right as land owner. *State* v. *Locke,* 29 N. M. 148, 219 P. 790, 30 A. L. R. 407, 410; *Carrier Lumber Co.* v. *Quitman County,* 156 Miss. 396, 124 So. 437; *Schneider* v. *Detroit,* 135 Mich. 570, 98 N. W. 258; *O'Connell* v. *Sanford,* 256 Ill. 62, 99 N. E. 885; *Gould* v. *St. Paul,* 120 Minn. 172, 139 N. W. 293; *Turk* v. *Skiles,* 45 W. Va. 82, 30 S. E. 234; *Kerns* v. *Carr,* 82 W. Va. 78, 95 S. E. 606, L. R. A. 1918E, 568; *Burner* v. *Mutual Association,* 117 W. Va. 206, 185 S. E. 222; 61 C. J., subject Taxation, section 1215. The bankruptcy court could sell the bankrupt's equity of redemption in this tract. But no court could lawfully dispose of the state's land in a proceeding to which the state itself was not a party. The right of the redemptor, while substantial, was nevertheless a mere equity, " a mere grace to redeem." *Morgan* v. *Pool,* 76 W. Va. 534, 535, 85 S. E. 724; *Early* v. *Berry,* 115 W. Va. 105, 111, 175 S. E. 331. That right did not warrant continued tax assessments of the tract after 1931 in the name of the Appliance Corporation; and if it was done, the assessments were void. *Totten* v. *Nighbert,* 41 W. Va. 800, 24 S. E. 627, 629; *Stockton* v. *Craig,* 56 W. Va. 464, 472, 49 S. E. 386. Reentry on the land books of such a tract is not contemplated as long as the title remains in the state. Code 11-10-34. Therefore, the concern of the sheriff in regard to the taxes should have ended with the assessment of 1931. Under the statutes then in effect, the tract could have been redeemed within one year from sale, by payment to the state treasurer of all the taxes assessed or accrued, etc., and afterwards, by such payment to the county commissioner of school lands, at any time before court confirmation of a sale by that official. See Code 11-10-30

and 37-3-29. The office of the latter was discontinued on June 3, 1933, but he was given until December 31, 1935, to dispose of lands already certified to him by the auditor. Acts, Extraordinary Session 1933, Chapter 18. The pleadings herein do not show what actually happened, but it was the duty of the state auditor to have certified this tract to the commissioner "Immediately after the expiration of twelve months after the purchase thereof," to-wit, immediately after December, 1932. Code 37-3-5. The presumption arises that this duty was performed; and if so, redemption should then have been made from the commissioner. If it be said that Acts, Extraordinary Session, Chapter 16, extending for two years the right to redeem the delinquency of 1930, restored to the auditor, by intendment, the right to represent the state in redemptions during that period, the auditor did not purport to speak for the state in the bankruptcy proceeding, and we find no statutory warrant whatever for the attempt of the sheriff to do so.

We need not consider what would have been the effect on the state had the treasurer or the auditor or the commissioner of school lands furnished the bankruptcy court with an erroneous statement of the amount necessary to redeem the tract; the error was that of the sheriff, who, despite alleged collaboration with the auditor, had no authority to represent the state in the matter of tax redemptions. "The state is not bound by the unauthorized or illegal acts of its officers, nor can its title to a tract of land be transferred, divested or affected in any manner or to any extent, by such unauthorized or illegal acts; and all persons who deal with such officers do so at their peril, in all matters wherein such officers exceed their legitimate powers." *Totten* v. *Nighbert, supra.* Accord: *State* v. *Chilton*, 49 W. Va. 453, 457, 39 S. E. 612; *Mills* v. *Henry Oil Co.*, 57 W. Va. 255, 258, 50 S. E. 157, 4 Ann. Cas. 427; *Beckley* v. *Wolford*, 104 W. Va. 391, 393-4, 140 S. E. 344.

Relator contends alternatively that if the state became the owner of the tract in 1931 and such ownership was unaffected by the bankruptcy sale, then relator has ac-

quired the state's title under the Constitution, Article XIII, section 3, by virtue of actual continuous and colorable possession or five years and the payment of all taxes for that period. The possession for the greater part of the period was held by the Appliance Corporation, or a court official for it. The covenant in its deed of purchase bound it to pay the taxes for 1930. Its failure to perform this covenant permitted the state to acquire the title. The Constitution, by its own terms, does not recognize the possession of a claimant to land "for whose default the same may have been forfeited or returned delinquent."

The writ is refused and the petition dismissed.

*Writ refused; petition dismissed.*