PEOPLE, *ex rel.* DIRECTOR OF CONSERVATION, *v.* CLEMENT.

1. Limitation of Actions—States—Personal Actions.
   Statutory provisions fixing a 3-year limitation on personal actions brought by the State do not, by express terms, evidence a legislative intent to make a distinction between actions affecting property held in a sovereign, as distinguished from that held in a proprietary, capacity (CL 1948, § 609.28; CLS 1956, § 609.13).

2. Same—States—Reforestation Lands.
   Interposed defense of 3-year statute of limitations operated to bar action by State for regular and treble damages for trespass and cutting and removal of timber from lands dedicated to reforestation and recreation purposes, where defendant's actions were alleged to have taken place more than 3 years prior to commencement of the action (CL 1948, §§ 322.132, 609.28; CLS 1956, §§ 322.133, 609.13).

References for Points in Headnotes
[1, 2] 34 Am Jur, Limitation of Actions § 393.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted April 9, 1959. (Docket No. 13, Calendar No. 47,633.) Decided June 5, 1959.

Case by the People of the State of Michigan, acting through Gerald E. Eddy, Director of the Department of Conservation, against Emmer O. Clement for damages for cutting trees on public lands. Dismissed on motion. Plaintiff appeals. Affirmed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Nicholas V. Olds* and *Fredric S. Abood,* Assistants Attorney General, for plaintiff.

*George S. Baldwin,* for defendant.

DETHMERS, C. J. Plaintiff commenced suit on May 31, 1957. It is founded on CL 1948, § 322.132 (Stat Ann 1958 Rev § 13.593[2]) for regular damages, and CLS 1956, § 322.133 (Stat Ann 1958 Rev § 13.593 [3]) for treble damages for trespass by defendant on State-owned lands and removal of timber therefrom during the period, as alleged in the declaration, from May 1, 1953, to November 10, 1953.

Defendant moved to dismiss for the reason that the cause of action was barred by the 3-year statute of limitations, CLS 1956, § 609.13 (Stat Ann 1957 Cum Supp § 27.605), made applicable by CL 1948, § 609.28 (Stat Ann § 27.620) to personal actions brought in the name of the State.

The circuit court granted the motion to dismiss for the reason stated by defendant. Plaintiff appeals.

Plaintiff alleged that the lands in question were dedicated by the conservation commission to reforestation and recreation and says that they are,

therefore, held by the State in its sovereign and not in a proprietary capacity.

The mentioned sections of the statute of limitations, pertinent to decision, read:

"2. Actions to recover damages for injuries to person or property and actions for trespass upon lands shall be brought within 3 years from the time said actions accrue, and not afterwards;" CLS 1956, § 609.13 (Stat Ann 1957 Cum Supp § 27.605).

"Sec. 28. The limitations herein before prescribed for the commencement of actions, shall apply to the same actions when brought in the name of the people of this State, or in the name of any officer or otherwise, for the benefit of the State, in the same manner as to actions brought by individuals." CL 1948, § 609.28 (Stat Ann § 27.620).

The plain language of these 2 sections clearly bars this action, brought more than 3 years after the cause of action accrued. Plaintiff's contention seems to be, however, that we should hold that the statute does not mean what it says. As authority for that position and by way of analogy, plaintiff refers to CL 1948, § 609.11 (Stat Ann § 27.603) fixing a 15-year limitation on suits by the State for recovery of lands. Plaintiff cites *Chamberlain* v. *Ahrens*, 55 Mich 111, as holding that the State is subject to this latter statute of limitations in actions concerning lands held in a proprietary capacity. While the lands there involved may have been held in such capacity, we observe that this Court took no note of that fact in holding the State bound by the statutes of limitations. Plaintiff goes on to say that that statutory 15-year limitation on actions by the State for recovery of lands does not apply to those held by the State in its sovereign capacity, citing *State* v. *Lake St. Clair Fishing & Shooting Club,* 127 Mich 580; *Crane* v. *Reeder,* 21 Mich 24 (4 Am Rep 430);

*Grand Rapids Trust Co.* v. *Doctor,* 222 Mich 248;
and *Staub* v. *Tripp,* 248 Mich 45. Plaintiff concludes,
in effect, that this Court having construed, in those
cases, the statutory 15-year limitation on actions.
for recovery of lands by the State to mean some-
thing less than it says, those cases are authority
for doing as much with the cited provisions relating
to the 3-year limitation on personal actions by the
State, by holding that that limitation does not apply
to actions for trespass on lands held in a sovereign
but only to those held in a proprietary capacity. :

At the outset, it is clear that the statutory pro-
visions fixing a 3-year limitation on personal ac-
tions brought by the State do not, by express terms,
evidence a legislative intent to make the distinction
contended for by plaintiff. Furthermore, in none
of the above cases cited by plaintiff is the actual
holding authority for it even in suits for the re-
covery of lands. In the *Fishing & Shooting Club
Case* the Court based its holding on the ground that
the statutory period had not yet run out against
the State. In *Crane* v. *Reeder* decision turned on
the holding that it was not the legislative intent
that the statute of limitations should operate retro-
spectively against the State (p 77). In the *Grand
Rapids Trust Company Case* and the *Staub Case*
this Court made no more mention of a distinction
to be made between lands held in a sovereign and
those held in a proprietary capacity. In the latter
case the Court denied application of the limitation
as against the State, even though the land involved
clearly was held in a proprietary capacity for the
purpose of sale. In neither of the latter 2 cases
was mention made of the above-cited statutory 15-
year limitation on actions by the State for recovery
of land. How its provisions were avoided therein
does not appear from the reasoning in the opinions.

We think these cases dubious authority for plaintiff's contention.

At all events, the instant action is not for the recovery of lands but for damages for trespass upon land. We perceive no reason for denying application of the limitation imposed by the plain language of the statute.

Affirmed, with costs to defendant.

CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., did not sit.