JONES, JUDGE:
In the year 1965, three parcels of land situate in Mingo County were owned respectively by Tilford and Mae Adams, Kernie and Marie Slone and Phillis Jean Thornsbury, and said parcels were assessed in said names on the Land Books of said County. In March 1965, the State Road Commission of West Virginia, now Department of Highways, purchased and obtained general warranty deeds for the Adams property, for the consideration of $4,000.00 and the Slone property for $3,900.00, and in May 1965, paid $3,000.00 and took a general warranty deed for the Thornsbury property. The 1965 taxes thereafter became delinquent for nonpayment and in due course the several properties were advertised and sold by the Sheriff of Min-go County to the State of West Virginia. Again, in regular course, the three parcels were certified by the Auditor to the Deputy Commissioner of Forfeited and Delinquent Lands for Mingo County. In 1968 suit was brought by the Deputy Commissioner in the Circuit Court of Mingo County for the purpose of obtaining an order of sale of the subject properties and others for the benefit of the School Fund. The three properties here involved were sold to the claimant for the aggregate sum of $357.00, and a deed was made by the Deputy Commissioner conveying the properties to the claimant without warranty of any kind. In the interim, the respondent had constructed a road known as State Route No. 49 over the subject lands and the claimant contends that his property was wrongfully taken, prior to his purchase, and he claims damages in the amount of $7,000.00, based on his estimate of the value of the land when taken.
*59 An official opinion of the Attorney General of the State of West Virginia dated March 20, 1950, adopts the holding of State v. Locke, 29 N.M. 148, 219 Pac. 790, 30 A.L.R. 410, as follows: “Syl. 1. Property which is acquired by the state in its sovereign capacity is thereupon absolved and freed of a further liability for the taxes previously assessed against it, and a subsequent sale thereof for such taxes is void.” The opinion also notes that in Armstrong Products v. Martin, 119 W.Va. 50, 192 S.E. 125, 11 A.L.R. 1220, the Court held that at a tax sale, when land is purchased by the State, its tax lien is merged in its purchase title. A later opinion of the Attorney General dated June 15, 1962, contains a statement pertinent to this case as follows: “We do not find any statute that imposes a legal duty upon the agents of a governmental body, in the course of acquiring title to land for public use, to provide for payment of the taxes assessed against the land so acquired.” This Court approves the logic and conclusions of said opinions of our Attorneys General.
The deeds from the fee owners of the subject land to the respondent were matters of public record before the Sheriff’s sale and long before the Deputy Commissioner’s sale, and were constructive notice of the fee simple ownership of said land by the State. There also was actual notice to the claimant as the road already had been built and was there for everyone to see. In this case the State’s liens for taxes merged with the fee simple titles acquired by the respondent by purchase and the subsequent tax sales were void. The Sheriff had nothing to sell and the State purchased nothing. The Deputy Land Commissioner had nothing to sell and the claimant purchased nothing.
An examination of the records in the office of the County Clerk of Mingo County would have disclosed to any prospective purchaser at the Deputy Land Commissioner’s sale that title to these properties was hopelessly unmarketable. Unmindful of the duty to exercise care in such matters, the claimant disregarded the maxim Caveat Emptor, and spent $357.00 for which he got nothing, and which he may not recover.
Accordingly, the claim of Crintes Stepp is disallowed.