PETROPLUS, JUDGE:
This claim arose as a result of the displacement and relocation of the claimants with the assistance of Dale Thomas, a right-of-way agent of the West Virginia Department of Highways.
*111 The Boehms formerly lived in a rented house along a State highway in Boone County, West Virginia, designated Corridor G. It was necessary for them to secure other living quarters because of the improvement and relocation of the highway undertaken by the West Virginia Department of Highways. With the assistance of the right-of-way agent, they inspected several other properties in the area and eventually decided to purchase a dwelling house situate on a parcel of land which also bordered on the highway, and a portion of which had been taken by eminent domain proceedings for the improvement of the highway. On January 29, 1971, upon the recommendation of the right-of-way agent, the claimants made the purchase and received a deed from Jenny Opal Drake for a consideration of $5,000.00. Mrs. Drake received a payment of $2,000.00 and a note secured by a deed of trust on the property for the deferred balance, payable in monthly installments of $50.00 each until the purchase price had been paid in full. The Boehms were paid approximately $4,550.00 by the West Virginia Department of Highways for dislocation allowance, moving costs, and damages. This payment was applied to the purchase and improvement of the property. Being aware that the property they were purchasing was land-locked and that Corridor G was a controlled access highway, a provision was made in the deed for a right of way over an adjoining parcel of thirty acres, allegedly owned by one Oza M. Drake who conveyed said right of way to Jenny Opal Drake by deed dated September 14, 1970.
The Boehms were not represented by counsel during the negotiations for the purchase of Mrs. Drake’s property, and the deed and deed of trust were prepared by an attorney named P. W. Hendricks who was representing Mrs. Drake. No title search was made to determine the validity of title to the land and other right of way appurtenant thereto.
Upon the death of Oza M. Drake who had conveyed the right of way over his land to Jenny Opal Drake, who in turn had included the right of way in the deed to the Boehms, it was determined that Oza M. Drake had only a life estate in the property and that Edward L. Burton, who lived in Charleston, West Virginia, was the owner of the fee. Mr. Burton testified as a witness and stated that he was not aware that Oza M. Drake, the life tenant, had made the conveyance of the right of way to Jenny Opal Drake.
*112 Having taken title to a right of way from a grantor who had a terminable interest, the Boehms found themselves with a„ land-locked parcel of ground after the death of Mr. Drake and in a position of having no access to the highway either through their property or over the property of Mr. Burton.
The theory of the claimants’ case is that the right-of-way agent had promised the claimants a direct access to the road and induced them to purchase the Drake parcel by representations that access to the road would be furnished by the State. The testimony of the right-of-way agent was in direct conflict with that of the Boehms, although he did admit that he had recommended the purchase of the property and that it was his function to assist in relocating persons displaced by the highway and explain to them the benefits that they were eligible to receive by reason of the displacement. The agent’s participation in negotiating the sale was minimal, and other than furnishing Mrs. Boehm with transportation to the attorney’s office, he took no part in the transaction. Further testimony was introduced that at one time stakes were placed on the Boehm property by the road contractor indicating a proposed access road to the highway.
The deed of trust executed by the Boehms to P. W. Hendricks, Trustee, after describing the parcels conveyed, refers to the right of way over the Oza M. Drake adjoining parcel, and excepts two tracts which were conveyed to the Department of Highways prior to the time Jenny Opal Drake sold the residue of her property to the Boehms.
A search of the title, of course, would have disclosed the terminable nature of the right-of-way over the Burton parcel, but unfortunately the Boehms were not aware of the necessity of a title search and relied entirely on the assurances of Mrs. Drake that they did have, ingress and egress to their property over the Burton parcel.
It is incredible that a right-of-way agent would promise a property owner access to a road that he knew was a controlled access highway, and even if he did so, such promises were clearly beyond the scope of his authority and in direct violation of the regulations and plans of the West Virginia Department of Highways. If he made such representations in his zeal to relocate the Boehms, it would be the perpetration of a fraud for which the Boehms would have a civil remedy against him personally. Such representation, so clearly out *113 of the scope of his authority, actual and apparent, would not be binding upon the State of West Virginia.
It is the factual finding of the Court that the respondent has incurred no liability in this matter, contractual or otherwise. The right-of-way agent was not aware that the right of way in the Boehm deed had been granted by a life tenant, and consequently neither he nor the State could be responsible for any assurances that he may have made to the Boehms that they had a means of ingress and egress over an adjoining parcel. Promises and representations of a right-of-way agent which exceed the scope of his limited authority do not create a contractual obligation on behalf of the State. The State is not bound by the unauthorized or illegal acts of its officers, and all' persons who deal with such officers do so at their peril in all matters wherein such officers exceed their legitimate powers. Armstrong Products Corp. v. Martin, 119 W.Va. 50, 192 S.E. 125. Neither would any promises or assurances given by the road contractor or his employees that an access road would be provided create any obligation binding on the State.
The Court is not without sympathy for the position in which the claimants now find themselves, but a ruling cannot be made in their favor solely on the basis of sympathy, when the law is so well established on the principles hereinbefore set forth. Even with their limited knowledge and education, we must hold that the Boehms were negligent in purchasing property without making some inquiry as to the soundness of the title and the appurtenant right of way to their property, which was of importance to them, when they knew full well that a controlled access highway did not provide ingress and egress to every parcel of land adjoining the highway.
For the foregoing reasons, the claim is disallowed.
Claim disallowed.