PER CURIAM:
*The claimants have filed a petition for a rehearing and a reconsideration of the Court’s decision denying this claim.
Granting that the testimony of the petitioners was uncontrodicted with reference to the actions, inducements and assurances of the right-of-way agent, which promised the petitioners a roadway to a controlled access highway definitively established by the plans and specifications of the West Virginia Department of Highways, which plans required the approval of the agencies of the Federal Government and were not subject to change by minor officials of the Department of Highways, the promises made by the right-of-way agent, if true, were tantamount to fraud and misconduct and beyond the scope of his limited authority as a right-of-way agent. Assuming these promises to be true, the Court is unable to find any law that holds the State responsible for the fraud or misconduct of its agent. The agent undoubtedly incurred a personal liability for exceeding the scope of his authority and making promises that he knew or should have known were clearly impossible to fulfill. Torts committed by a Government official in the performance of his duties are not binding upon a Governmental agency. If the petitioners can cite any law to the Court to the contrary, by brief or otherwise, this Court will gladly give further consideration to its opinion. The compelling sympathy for the position in which the claimants find themselves cannot *141 control the decision of- this Court, which is required to decide cases on legal principles that would be applied in a Court of record.
Petitioners’ contention that the Court’s opinion gives insufficient weight to the placement of stakes on the petitioners’ property, indicating a proposed access road to the highway, even if we assume that the contractor placed those stakes under the supervision of the respondent, is without merit, for the same reasons heretofore assigned. The unauthorized conduct of an independent road contractor, even if approved by the supervisory personnel of the respondent, does not create a binding contractual obligation upon the State.
Respondent’s contract, plans and specifications for the building of a highway cannot be modified or changed by the agents in the field who deviate from the contract, plans and specifications on their own initiative and without the approval of the chief engineer and commissioner of the Department of Highways.
Even though the petitioners were too unsophisticated and inexperienced to understand the meaning of a limited access controlled highway, a contrary opinion by this Court would open a Pandora’s Box of litigation for the State where employees of the Department of Highways exceed the scope of their authority in making representations to persons affected by highway construction.
The petition for rehearing is denied.
Petition for rehearing denied.

See Boehm v. Highways, 10 Ct. Cl. 110 for first opinion.