## CIRCUIT COURT OF ALLEGHANY COUNTY

First Virginia Bank--Highlands

v.

Nancy T. McElwee et al.

December 14, 1984

By JUDGE DUNCAN M. BYRD, JR.

This case comes to the Court primarily upon an issue of breach of Covenants/Warranty of Title. The defendants are the owners of Lots 6, 7, and 8 in Block Number 147 of the Chesapeake and Ohio Development Company. The defendants conveyed Lots 6 and 7 by Deeds of Trust to secure certain indebtednesses. In the Deeds of Trust, the Defendants covenanted that they would "warrant and defend generally the title to the property against all claims and demands." (See Deeds of Trust). The Defendants subsequently defaulted upon the notes and the Complainant, a successor to the original lien creditor, became the purchaser and current owner of said Lots 6 and 7. The porch and sidewalk of the residence located on Lot 7 encroach upon Lot 8 a distance of 5.12 feet. (See Exhibit C1). The Court is of the opinion that this encroachment clearly renders the title to Lot 7 unmarketable and as such is a breach of the *General Warranty of Title*. 77 Am. Jur. 2d, *Vendor and Purchaser*, Section 218; Code of Virginia, 1950, as amended, Section 55-68.

> There are certain of the covenants of title that are broken *as soon as made*, if broken at all; and these *do not run with the land*, since broken covenants cease immediately upon breach to pass with the land. Such are the covenants of seisin, and of the right to convey, and,

it seems, the covenant against incumbrances also.

But except in these cases, covenants of title run with the land, so that a grantee of the land may sue a remote grantor thereon when a breach occurs *in his time.* 2 Minor on Real Property, 2nd Edition, Section 1056, *Liability of Remote Grantors upon Personal Covenants of Title.*

Clearly a covenant of General Warranty runs with the land. The Defendants argue citing *Powell* v. *Adams*, 179 Va. 170 (1942), *Feldman* v. *Rucker*, 201 Va. 11 (1959), and *Bruner, et al.* v. *Mutual Protective Ass'n of West Virginia*, 185 S.E. 222, that the doctrines of Merger and Caveat Emptor apply with the effect of breaking the chain of privity of the warranties and covenants of title in this instance. I have reviewed and researched this position thoroughly and reject it as being not applicable or dispositive of the issue at bar.

As a general rule, the measure of recovery for a breach of the covenant of general warranty sounds in damages. 2 Minor on Real Property, 2nd Edition, Section 1057, *Extent or Measure of Recovery upon Personal Covenants of Title.* However,

[e]quitable remedies are distinguished by their flexibility, their unlimited variety, their adaptability to circumstances, and the natural rules which govern their use. There is in fact no limit to their variety and application; the court of equity has the power of devising its remedy and shaping it to fit the changing circumstances of every case and the complex relations of all the parties. 7 M.J., *Equity*, Section 9, *As to Remedies.*

Considering the totality of the evidence and circumstances, the Court is of the opinion that the appropriate remedy in this case, as in cases of breach of covenant for Further Assurance of Title, 2 Minor on Real Property, 2nd Edition, Section 1052, is for "specific performance." Specifically, the Court is of the opinion that the western one-half of Lot 8 consisting of 7½ feet should be conveyed to the Complainant.